**Shalev Amar (022332)**
samar@amarlawgrp.com
**Jesse Walker (032260)**
**Amar Law Group, PLLC**
**7001 N. Scottsdale Road, Suite 2060**
**Scottsdale, AZ 85253**
**(480) 237-2744**
**(866) 663-3497 (facsimile)**
**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| **Stacey Cormier and Travis Cormier,** | Case No.: |
| Plaintiff, | **COMPLAINT -** |
| vs. | **VIOLATION OF THE ARIZONA MOTOR VEHICLE WARRANTIES ACT** |
| **FCA US, LLC d/b/a Ram,** | |
| Defendant. | |

1. The District Court has jurisdiction to hear this matter under 28 U.S.C. § 1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. Jurisdiction is also conferred through 15 U.S.C. § 2310(d) as the amount in controversy exceeds $50,000.00. There is also diversity jurisdiction as the amount in controversy is over $75,000 and the parties are citizens of different states. The Court has pendent jurisdiction over Plaintiff's A.R.S. § 44-1261 *et seq*. claim.

2. The Plaintiffs, Stacey Cormier and Travis Cormier ("Plaintiff") is an Arizona consumer.

3. The Defendant, FCA US, LLC d/b/a Ram ("Defendant") is a foreign corporation authorized to do business in the State of Arizona and is engaged in the manufacture, sale, supply and distribution of motor vehicles and attendant warranties. Defendant supplies its products and services to the Arizona consuming public through its authorized dealerships, including Bill Luke Chrysler Jeep & Dodge.

4. On August 30, 2020, Plaintiff purchased from Bill Luke Chrysler Jeep & Dodge a new 2020 Ram 2500, Vehicle Identification No. 3C6UR5NL2LG213773 ("2500") manufactured and supplied by Defendant, for a total financed price of $95,253.56.

5. In connection with Plaintiff's purchase of the 2500, Defendant issued and supplied Plaintiff with its written warranty, which has *inter alia* three (3) year/36,000-mile bumper to bumper coverage and five (5) year/60,000-mile powertrain coverage.

6. In addition, under Defendant's repair or replacement warranty, Defendant was required (through its authorized dealership warranty repair agents) by common law, State law, and statute to perform adequate and competent repairs or replacements within a reasonable opportunity, as competent repairs within a reasonable opportunity is the essential purpose of warranties restricted to repair or replacement of defective parts.

7. Plaintiff experienced multiple non-conformities with the 2500 that manifested shortly after acquisition including defective: non-starting condition, engine, fuel, powertrain control module and sunroof.

8. The 2500 was repeatedly presented to repair these defects and non-conformities to Defendant's designated repair agents, at Bill Luke Chrysler Jeep Dodge

Ram, in Phoenix, Arizona, where the warranty repairs have taken thirty-two (32) days to perform.

9. The eight (8) separate repairs to the 2500's sensors, the six (6) separate repair attempts to the vehicle's trim, the five (5) separate repair attempts to the vehicle's electrical system, the five (5) separate repair attempts to the vehicle's windows, the five (5) separate repair attempts to the vehicle's doors, the five (5) separate repair attempts to the vehicle's glove box, the five (5) separate repair attempts to the vehicle's side steps, the four (4) separate repair attempts to the vehicle's hood, the four (4) separate repair attempts to the vehicle's speakers, and the four (4) separate repair attempts to the vehicle's tail pipe all meet and/or exceed the Arizona Motor Vehicle Warranties Act, A.R.S. §44-1261 *et seq*. ("Lemon Law") presumption of what is a reasonable number of repair attempts (4 repairs) to cure the 2500. *See* A.R.S. §44-1264 (A)(1).

10. The thirty-two (32) days the vehicle was out of service by reason of warranty repair exceed the Lemon Law's thirty (30) day presumption of unreasonableness. *See* A.R.S. §44-1264 (A)(2).

11. The 2500 remains defective and non-conforming.

12. The above-mentioned conditions and inadequate warranty repairs constitute substantial impairment in the use and value of the subject vehicle to Plaintiff.

13. Plaintiff provided Defendant, through its designated dealership warranty repair agents a reasonable opportunity to repair the defects, non-conformities and conditions within the 2500.

14. Defendant failed to cure the 2500 despite reasonable opportunities and thus the 2500's warranty failed its essential purpose.

15. Defendant's failure to correct the 2500's defects within a reasonable opportunity violates Defendant's statutory and common law duties to Plaintiff and the expectations created by Defendant's promotional documents and warranties.

16. Defendant has had notice of the 2500's conditions and an opportunity to cure the defects.

17. Plaintiff gave Defendant additional notification of the defects within the 2500 and the excessive number of times Defendant's authorized repair agents attempted repairs, as well as Plaintiff's lawful demand for the remedies provided by the Lemon Law, on June 18, 2019.

18. Plaintiff and Defendant were unable to reach an out of court accord.

19. Plaintiff did not receive the basis of his bargain for a new 2500. Instead Plaintiff was saddled with a 2500 riddled with a substantial defect akin to an improperly maintained high mileage lower value used vehicle.

20. As a direct and proximate result of Defendant's failure to comply with its written warranty, statutory obligations, and common law duties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d), Plaintiff is entitled to bring suit for such damages.

21. Plaintiff has met all legal and enforceable obligations and preconditions provided for in Defendant's warranty and by statute(s).

22. Plaintiff demands a trial by jury.

## COUNT I—BREACH OF WRITTEN WARRANTY PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

23. Plaintiff re-alleges and incorporates by reference paragraphs 1-22 in this Complaint.

WHEREFORE, pursuant to 15 U.S.C. § 2310(d), Plaintiff prays for the following relief against Defendant for its written warranty breach:

   a. An award of diminution in value damages and any equitable relief to which Plaintiff is entitled;

   b. All incidental and consequential damages;

   c. All attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

   d. All other relief deemed justified by this Court.

## COUNT II—VIOLATION OF THE ARIZONA MOTOR VEHICLE WARRANTIES ACT

24. Plaintiff re-alleges and incorporates by reference paragraphs 1-23 in this Complaint.

25. In accordance with A.R.S. § 44-1263 *et seq.*, Plaintiff is entitled to equitable relief in the form of a refund of the subject vehicle's purchase price or a comparable replacement vehicle.

WHEREFORE, pursuant to A.R.S. § 44-1261 *et seq.*, Plaintiff prays for the following remedies against Defendant:

a. A new replacement vehicle or full refund of the purchase price inclusive of collateral charges accrued minus a reasonable usage fee not to exceed ten (10) cents per mile (at Plaintiff's election);

b. All reasonable attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

c. All other relief deemed justified by this Court.

**RESPECTFULLY SUBMITTED** this __4__ day of August, 2021.

By: /s/*Jesse Walker*
Shalev Amar
Jesse Walker
Amar Law Group, PLLC
7001 N. Scottsdale Road, Suite 2060
Scottsdale, AZ 85253
(480) 237-2744
(866) 663-3497 (facsimile)
Attorneys for Plaintiff